WALLACE, JUDGE:
The claimant seeks to recover $73,501.54 expended in remodeling her store building and barn for use as a liquor store for the sale of alcoholic beverages as an agency of the respondent.
The hearing of this claim was bifurcated, and as a result of a hearing on the question of liability, the Court found the respondent liable for damages sustained by the claimant after full consideration of any benefits realized by the claimant.
The facts of this claim are fully set forth in the prior opinion and need not be restated here.
Of the damages sought, $25,580.66 was expended to enlarge the store building; the balance was spent renovating the barn after it was determined that the addition to the store was inadequate. In her testimony, the claimant stated that the barn had no commercial value prior to remodelling and that most of the renovation work was done after the agency agreement had been terminated. After the work was completed on the barn, the claimant rented it for $16,000.00 per year under a five-year lease, with an option to renew for an additional like period. The lease provided for increments for increased rentals. Accordingly, the Court finds that the claimant sustained no damage as a result of the barn renovation. It had no commercial value prior to the remodeling, but is now a building of value suited for various purposes beneficial to the claimant.
After the claimant received her agency agreement from the respondent, she engaged a contractor to enlarge her store building by adding *78 a storage room of 1000 sq. ft. for $25,500.00. She did not take any other bids. The contractor testified that he dealt only with the claimant in the preparation of the plans for the renovation work and that the only change requested by the respondent was the re-location of a door and certain electrical wiring. The cost of these changes was less than $400.00.
Prior to the time of the negotiations with respondent for the agency agreement, claimant operated a small restaurant and gas station in the store building. Under the agency agreement, she continued the same operation and also sold a few grocery items. After the agency agreement was terminated, she continued her business until the store building was rented to Robert Bennett for $1500.00 per month.
The claimant testified that she had hoped to realize $1000.00 per month from the operation of the liquor store and that she realized about $1500.00 for the month of December. The agency opened for business on November 8, 1979, and the claimant was notified to close effective January 17, 1980. The agreement was terminated February 16, 1980.
The claimant knew that the cost of furnishing proper quarters to house the agency was her responsibility and further that the agreement could be cancelled by either party upon thirty days’ notice.
After considering the entire record, the Court finds that because of the particular facts of this claim which arose by reason of the establishment of a liquor agency in a dry county necessitating its closure in less than three months, and, in spite of the fact that claimant is now receiving rental of $1500.00 per month for the remodelled store building, claimant is entitled to an award of $3,000.00.
Award of $3,000.00.